United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 19-20834-Scola |
| | ) |
| Matthew Ruppert, Defendant | ) |

**Order on Motion for Compassionate Release**

Before the Court is the Defendant Matthew Ruppert's motion for compassionate release due to the risks posed by the COVID-19 pandemic. For the reasons set forth below, the Court **denies** Ruppert's motion (**ECF No. 296**) without prejudice and with leave to refile.

Ruppert failed to exhaust his administrative remedies. 18 U.S.C. § 3582 allows the Court to consider a defendant's motion for compassionate release after the defendant has exhausted his administrative rights to appeal the Bureau of Prisons' denial of a request for release "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Where thirty days have not passed after submitting a request to the warden, the statute "presents a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), *as revised* (Apr. 8, 2020); *see also United States v. Epstein*, 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) (citing numerous cases for the proposition that an inmate must comply with this subsection before filing a compassionate release motion). However, the Court acknowledges that there is a limited exception to the requirement, where its enforcement would occasion "undue prejudice to subsequent assertion of a court action." *McCarthy v. Madigan*, 503 U.S. 140, 146-47 (1992). "Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where 'the interests of the individual weigh heavily against requiring administrative exhaustion.'" *United States v. Minor*, Case No. 18-80152 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.) (citing *McCarthy*, 503 U.S. at 146). For example, this Court waived the exhaustion requirement in *United States v. Lima* because the defendant was 85 years old and suffered from a number of particularly severe medical conditions. Case No. 16-20088 (S.D. Fla. May 11, 2020) (Scola, J.). That defendant's interests in release from prison weighed heavily against the need for her to appeal the Bureau of Prisons' denial of her request for release because her

risk of contracting a severe case of coronavirus and dying in prison was particularly great.

Here, Ruppert fails to allege he has exhausted his administrative rights to appeal the Bureau of Prisons denial of his request or that thirty days have elapsed since he made his request. Moreover, Ruppert does not demonstrate, or even allege, that he is excepted from the exhaustion requirement because his interests weigh heavily against requiring exhaustion. Ruppert alleges only that he "has suffered bouts of asthma and pneumonia since a young age." (Mot. at 4.) But without details regarding the severity his conditions, how long he has had these conditions, whether he is currently suffering from these conditions, and any medical documentation supporting his contention that he has these conditions, the Court cannot determine that enforcement of the exhaustion requirement will occasion "undue prejudice to subsequent Court action." *McCarthy*, 503 U.S. at 146-47. Because he has not yet complied with, or shown that he need not comply with, the statute's requirements, it is improper for the Court to grant this motion at this time.

In sum, the Court **denies** Ruppert's motion for compassionate release (**ECF No. 296**) without prejudice and with leave to refile when he has exhausted his administrative remedies or when he can demonstrate that the exhaustion requirement should not be enforced.

**Done and ordered** at Miami, Florida, on August 20, 2020.

Robert N. Scola, Jr.
United States District Judge